# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,          :

                Plaintiff,                 Case No. 3:08-cr-036

                                       District Judge Walter Herbert Rice
  - vs -                        :       Magistrate Judge Michael R. Merz

KEVIN R. TINCHER


                Defendant.                 :

## DECISION AND ORDER GRANTING MOTION TO AMEND

This case is before the Court on Defendant's Motion for Leave to Amend his Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 77).

The case is presently pending on the Magistrate Judge's Report and Recommendations (Doc. No. 75) which recommend that Grounds for Relief One, Three, Four, Five, and Six be dismissed with prejudice as procedurally defaulted because they could have been but were not raised on direct appeal. Mr. Tincher now wishes to add a claim that his appellate counsel was ineffective for failure to raise on appeal the asserted impropriety of the four-point gun enhancement (Ground Five) and his asserted actual innocence of the charge of willfully engaging in the business of dealing firearms (Ground One)(Motion, Doc. No. 77, PageID 479-480).[1] The

---

[1] In addition to the procedural default of not raising Ground Three, prosecutorial vindictiveness, on appeal, Mr. Tincher defaulted on that claim by not having it presented by his counsel at the trial court level, a default this Court enforced against him. A finding of ineffective assistance of appellate counsel as to this claim would not preserve it for merit review because of this prior procedural default.

Motion does not make clear exactly which claims, other than these two, Mr. Tincher claims he discovered late and should have been included in the appeal.

As Mr. Tincher argues, a § 2255 motion may be amended as provided in Fed. R. Civ. P. 15 because Rule 12 of the Rules Governing § 2255 Proceedings permits application of the Federal Rules of Procedure to the extent not inconsistent with any statute or the § 2255 Rules.

The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc.
> -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989). *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980).

Mr. Tincher's Motion to Amend is granted. The Report and Recommendations are withdrawn. Tincher shall file an amended motion to vacate setting forth all his claims not later

than August 15. He must include a specific statement of which claims he contends Ms. Finucane was ineffective for failing to include.

July 30, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge