IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,          :

                Plaintiff,                          Case No. 3:08-cr-036
                                                          Also 3:12-cv-209

                                                          District Judge Walter Herbert Rice
   -   vs -                                  :      Magistrate Judge Michael R. Merz

KEVIN R. TINCHER

                 Defendant.                :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This action under 28 U.S.C. § 2255 is before the Court on Defendant's Objections (Doc. No. 93) to the Magistrate Judge's Report and Recommendations which recommended the Motion to Vacate be dismissed with prejudice (Doc. No. 92). Judge Rice has recommitted the matter for reconsideration in light of the Objections (Doc. No. 94).

**Scope of § 2255 Remedy**

      The Report noted that a federal defendant cannot raise in a § 2255 motion errors which could have been, but were not, raised on direct appeal. Tincher takes issue with the Magistrate Judge's citation to Hertz & Liebman, Federal Habeas Corpus Practice and Procedure § 41.7(e) as stating that § 2255 review is unavailable for claims that were or could have been raised on direct appeal (Objection, Doc. No. 93, PageID 611-12). Tincher is correct that the citation is inexact.

1

At § 41.7(e), the authors deal only with claims actually raised and rejected on direct appeal. It is at § 41.7(b) that the authors recognize the application of procedural default doctrine to preclude § 2255 review of claims that could have been but were not raised on direct appeal. The same principle is recognized in the authority cited by Tincher, *United States v. Regalado*, 334 F.3d 520 (6th Cir. 2003), where the court held:

> Section 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process. *United States v. Frady*, 456 U.S. 152, 167-68, 71 L. Ed. 2d 816, 102 S. Ct. 1584 (1982). The Supreme Court consistently has determined that "to obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *Id.* at 166. In the case where the defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "The *Frady* cause and prejudice standard applies to a defendant who pleads guilty and first asserts a claim for relief in a collateral proceeding." *Ratliff v. United States*, 999 F.2d 1023, 1025 (6th Cir. 1993).

*Id.* at 528. This is the same standard for excuse of procedural default which is found in habeas corpus jurisprudence under 28 U.S.C. § 2254. It remains applicable law that claims Tincher could have raised on direct appeal but did not are procedurally defaulted; to excuse the default, he must show excusing cause and prejudice or actual innocence.

**Actual Innocence of Dealing in Firearms**

As with his original and amended Motions to Vacate, Tincher concentrates his Objections on his conviction on Count 6 of the Indictment for willfully engaging in the business of dealing

2

in firearms without a license. Tincher asserts he is plainly not guilty of this charge (Objections, Doc. No. 93, PageID 613-17).

The prohibitory statute in question is 18 U.S.C. § 922(a)(1)(A) which makes it unlawful for anyone other than a licensed dealer to engage in the business of dealing in firearms. The definition section for this chapter of Title 18 is § 921 which provides in § 921(a)(11) that "[t]he term 'dealer' means any person engaged in the business of selling firearms at wholesale or retail." § 921(a)(21)(C) provides in relevant part that

> The term 'engaged in the business' means – as applied to a dealer in firearms as defined in section 921(a)(11)(A), a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms, but such term shall not include a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms.

Tincher's position is clear: he is actually innocent of violating § 922 because the gun he sold to Agent Godsave on January 4, 2008, was all or part of his "personal collection" of firearms. As to the two firearms sold to Agent Godsave at his home on January 8, 2008, he claims in the alternative that either (1) they belonged to the confidential informant and thus Tincher was not selling them or (2) they were Tincher's, but also a part of his personal collection. *Id.* at PageID 615.

The essential flaw in Tincher's actual innocence claim is that it depends on facts (or alleged facts) which Tincher knew when he pled guilty. That is, whether the three guns he pleaded guilty to selling were all or part of his "personal collection" was known to him before the plea. In contrast, a claim of actual innocence to excuse a procedural default must be based on new evidence:

3

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.

*McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019, 1027 (2013). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, *supra* at 324. Tincher's claim now that the firearms in question were part of his "personal collection" is not new evidence of the sort required by the *Schlup* doctrine.

Tincher relies variously on the asserted plain meaning of the Firearm Owners Protection Act "personal collection" language and on the rule of lenity for interpreting criminal statutes. The difficulty with Tincher's position is not the interpretation of the statute, but the complete absence of any "new evidence" – any reliable evidence discovered post-judgment -- within the meaning of the *Schlup* actual innocence doctrine.

**Actual Innocence on the Dismissed Counts**

In addition, Tincher's actual innocence claim falls short because it only addresses Count

6 of the Indictment.  "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges."  *Bousley v. United States,* 523 U.S. 614 (1998).  As part of the Plea Agreement in this case, the Government dismissed Counts 4, 7, and 8 (Plea Agreement, Doc. No. 47, ¶ 6(b), PageID 170).  Those Counts charged Tincher respectively with (Count 4) being a felon in possession of a firearm on January 4, 2008; (Count 7) attempting to possess in excess of 500 grams of cocaine in February, 2007; and (Count 8) using and carrying a firearm during and in relation to a drug trafficking crime, also in February 2007 (Superseding Indictment, Doc. No. 24).  Tincher has not even attempted to show he is actually innocent of these three charges and his factual proof as to Count 6 virtually admits his guilt on Count 4.

## Conclusion

Tincher's attempts to show excusing cause and prejudice from the ineffective assistance of his trial and appellate counsel are dealt with in the original Report and do not require additional analysis.

It is again respectfully recommended that the Motion to Vacate be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

July 29, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

## Conclusion

It is again respectfully recommended that the Motion to Vacate be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

July 29, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).