IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEVIN TINCHER, :

    Petitioner,

                                       Case Nos. 3:12-cv-209, 3:08-cr-36

v. :

                                       JUDGE WALTER H. RICE

UNITED STATES OF AMERICA,

    Respondent. :

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS ON THE MERITS (DOC. #92) AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #95) IN THEIR ENTIRETY; OVERRULING PETITIONER'S OBJECTIONS THERETO (DOCS. ##93, 96); DISMISSING MOTION TO VACATE UNDER 28 U.S.C. §2255 (DOC. #74 AS AMENDED BY DOC. #79) WITH PREJUDICE; OVERRULING REQUEST FOR EVIDENTIARY HEARING; DENYING CERTIFICATE OF APPEALABILITY AND ANTICIPATED MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; TERMINATION ENTRY

---

Based on the reasoning and citations of authority set forth by United States Magistrate Judge Michael R. Merz, in his July 8, 2013, Report and Recommendations on the Merits (Doc. #92), and in his July 29, 2013, Supplemental Report and Recommendations (Doc. #95), as well as upon a thorough *de novo* review of this Court's file and the applicable law, this Court ADOPTS said judicial filings in their entirety, and OVERRULES Petitioner's objections thereto (Docs. ##93, 96).

Petitioner's objections center on his conviction on Count 6 of the Indictment, charging him with a violation of 18 U.S.C. § 922(a)(1)(A), for willfully engaging in the business of dealing in firearms without a license.  Those objections hinge on the applicability of the statutory definition of "engaged in the business." As Magistrate Judge Merz noted, that term, as applied to a firearms dealer, is defined as:

> a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms, *but such term shall not include a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms*.

18 U.S.C. § 921(a)(21)(C) (emphasis added).

Petitioner maintains that because the firearms he sold were part of his "personal collection," he was not "engaged in the business" of selling firearms, and therefore cannot be guilty of violating the statute.  He further argues that trial counsel and appellate counsel were both ineffective in failing to raise this issue. These arguments lack merit.

Notably, the "personal collection" exclusion was added to the statute in 1986 as part of the Firearm Owners' Protection Act ("FOPA").  As the Supreme Court noted in *Bryan v. United States*, 524 U.S. 184, 187 (1998), the FOPA was enacted "to protect law-abiding citizens with respect to the acquisition, possession, or use of firearms for lawful purposes."

As a convicted felon, Petitioner was not legally permitted to possess *any* firearms, let alone sell them to others. In other words, he was not allowed to have a "personal collection." In pleading guilty, Petitioner admitted that he sold three firearms to an undercover agent. This is clearly not the type of sale that Congress intended to protect. Accordingly, Petitioner's counsel was not ineffective in failing to raise this issue, either in the district court or on direct appeal.

Petitioner's Amended Motion to Vacate Under 28 U.S.C. § 2255 (Doc. #79), which incorporates his previously-filed Motion to Vacate Under 28 U.S.C. § 2255 (Doc. #74) is DISMISSED WITH PREJUDICE, and his accompanying request for an evidentiary hearing is OVERRULED. Judgment is to enter in favor of Respondent and against Petitioner.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be objectively frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: August 30, 2013

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE